JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHRISTOPHER WILLIAMS, <br> Petitioner, <br> v. <br> FEDERAL DISTRICT ATTORNEY, <br> Respondent. | Case No. 8:22-cv-01151-RSWL (JEM) <br><br> SUMMARY DISMISSAL ORDER |

On June 8, 2022, Brandon Christopher Williams ("Petitioner"), a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). For the reasons set forth below, the Petition should be dismissed.

## INTRODUCTION

Petitioner states that he is presently housed at the Santa Ana Jail awaiting sentencing in this district in the matter of United States v. Williams, Case No. 8:20-cr-00176-SVW. (Pet. at 2.)

Petitioner seeks damages based on his allegations that the conditions of his confinement are unconstitutional. (Pet. at 3-4.)

**DISCUSSION**

I. <u>Duty to Screen the Petition</u>

Summary dismissal of a federal habeas petition is required "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); <u>see also</u> Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); <u>Lane v. Feather</u>, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition). Moreover, the Court must assess its jurisdiction over a section 2241 petition "before proceeding to any other issue." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000).

II. <u>Petitioner's Claims Are Not Cognizable on Habeas Review</u>

A habeas corpus petition under 28 U.S.C. § 2241 is a vehicle for a federal prisoner to challenge to the execution of his sentence. <u>Hernandez</u>, 204 F.3d at 864. Challenges to a prisoner's conditions of confinement, however, must be brought in a civil rights complaint rather than a habeas corpus petition. See <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>see also</u> <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973); <u>see also</u> <u>Ramirez v. Galaza</u>, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge

the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004).

Petitioner's claims are based on the alleged failure to provide him with constitutionally adequate medical treatment, law library access, privacy, and sanitary jail facilities. (Pet. at 3-4.) These are classic conditions of confinement claims that do not implicate the fact or duration of Petitioner's confinement. As such, his allegations sound in civil rights, not in habeas, and the Court declines to exercise its discretion to construe the Petition as a civil rights complaint. Bolden v. Ponce, 2020 WL 2097751, at *2 & n.1 (C.D. Cal. May 1, 2020); see also Smith v. Von Blanckensee, No. CV 20-4642-JVS (JEM), 2020 WL 4370954, at *3 (C.D. Cal. Jul. 2, 2020).

**ORDER**

IT IS, THEREFORE, ORDERED that this action is dismissed with prejudice.

DATED: June 16, 2022           /S/ RONALD S.W. LEW
                                RONALD S.W. LEW
                                UNITED STATES DISTRICT JUDGE